UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARMEN NAZARIO on behalf of :
FLORENCIO TURNBAY, :
:
                       Plaintiff, :
:
      -against- : 04 Civ. 2453 (RMB) (THK)
:
COMMISSIONER OF SOCIAL :
SECURITY, : **DECISION AND ORDER**

:
:
                   Defendant. :
------------------------------------------------------------X

**I.    Background**

On June 22, 2006, the Court adopted in its entirety the Report and Recommendation of United States Magistrate Judge Theodore H. Katz, granting the motion of Carmen Nazario ("Plaintiff"), proceeding on behalf of her son, Florencio Turnbay, for judgment reversing the February 6, 2004 decision of the Commissioner of Social Security ("Commissioner" or "Defendant") which denied Plaintiff's Supplemental Security Income ("SSI") benefits, and remanding the case to the Commissioner for the calculation of benefits. (See Order, dated June 22, 2006.)

On July 25, 2006, Plaintiff filed a motion seeking an award of attorneys' fees and costs incurred in connection with Plaintiff's action to obtain benefits. (See Motion for Attorney Fees and Expenses, dated July 25, 2006.) Defendant responded to Plaintiff's motion on September 8, 2006. On October 6, 2006, Plaintiff filed a reply memorandum seeking a total of $13,334.80 in fees and costs. (See Reply Memorandum of Law In Further Support of Plaintiff's Motion for Attorney's Fees, dated October 6, 2006, at 9.)

The Court referred the attorneys' fees motion to Magistrate Judge Katz, who issued a second Report and Recommendation on December 28, 2006 ("Report"), recommending that "Plaintiff be awarded the attorney's fees incurred in litigating this case" in the amount of $13,211.60. (Report at 4 ("the Commissioner has not disputed Plaintiff's entitlement to attorney's fees, and Plaintiff has satisfied the statutory criteria for the award of fees").)

The Report advised that "the parties shall have ten (10) days from service of this report to file written objections" pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. (Report at 15.) Neither Plaintiff nor Defendant submitted objections to the Report.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II.   Legal Standard

A district court may adopt those portions of a magistrate's report to which no "specific, written objection" is made, as long as those sections are not clearly erroneous. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). A district judge may accept, reject, or modify, in whole or in part, the findings and recommendation of the magistrate. See DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III.   Analysis

The Report is not clearly erroneous. In fact, Magistrate Judge Katz's determinations are supported by the law and the record in all material respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Katz properly concluded that pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), Plaintiff should be awarded attorneys' fees because she has demonstrated that

"(1) she is [the] prevailing party; (2) the government's position was not substantially justified; and (3) there are no special circumstances that would make an award of fees unjust." (Report at 2); see also Maida v. Callahan, 148 F.3d 190, 192-93 (2d Cir. 1998). Judge Katz found that "in the underlying litigation . . . the Comissioner's position on various issues was contrary to overwhelming evidence, was reached without any citation to the record, was wholly conclusory, and was based on irrelevant considerations," and "there are no special circumstances that the Court is aware of that would make the award of attorney's fees unjust." (Report at 3-4.)

Judge Katz also properly used the "lodestar" method to evaluate Plaintiff's request for attorney's fees and costs and modified the requested amount, from $13,334.80 to $13,211.60, based on "the tasks and the time documented in counsel's contemporaneous time records." (Report at 5); see Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1997).

## IV. Conclusion and Order

For the reasons stated herein, the Court adopts the Report in its entirety. The Clerk of the Court is respectfully requested to enter judgment for Plaintiff in the amount of $13,211.60.

Dated: New York, New York
February 27, 2006

_____
**RICHARD M. BERMAN, U.S.D.J.**

3